UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

-vs.-                                                                           Case No. 2:10-cv-14612

MACHISTA L. CHOICE and
TRACEY R. RANDOLPH,

        Defendants.
_____/

# COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF

Plaintiff, the United States of America, alleges against Defendants, Machista Choice and Tracey Randolph, as follows:

1. This is a civil action brought by the United States under sections 7402(a), 7407, and 7408 of the Internal Revenue Code (26 U.S.C.) ("IRC") to enjoin Defendants Machista Choice and Tracey Randolph and anyone in active concert or participation with them, from:

    (a)    acting as a federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person or entity other than themselves;

    (b)    preparing or assisting in preparing federal tax returns that he or she knows or reasonably should have known would result in an understatement of tax liability or the overstatement of federal tax refund(s) as penalized by IRC § 6694;

    (c)    engaging in any other activity subject to penalty under IRC §§ 6694, 6701, or any other penalty provision in the IRC; and

    (d)    engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

**Jurisdiction and Venue**

2.  This action has been requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General, pursuant to the provisions of IRC §§ 7402, 7407, and 7408.

3.  Jurisdiction is conferred on this Court by Sections 1340 and 1345 of Title 28, United States Code, and IRC §§ 7402(a), 7407, and 7408.

4.  Venue is proper in this Court under 28 U.S.C. § 1391 because Machista Choice resides in River Rouge, Michigan and Tracey Randolph resides in Detroit, Michigan, and a substantial part of the actions giving rise to this suit took place in this district.

**Defendants' Activities**

5.  Machista Choice is a commercial tax return preparer, formerly doing business under the names "Nedra's Way Tax Service" from 2002 to 2005 and "Olivia's Way Tax Service" in 2006.  Choice was the sole proprietor of these businesses, but he occasionally hired employees to assist with the preparation of tax returns.

6.  The IRS has identified at least 46 federal tax returns that Choice prepared from 2002 to 2006 that contain false claims, resulting in a tax loss to the Government of at least $79,015.

7.  Choice, based on tax returns reporting his social security number as the paid preparer, prepared at least 808 federal tax returns for customers between January 1, 2004 and December 31, 2009, with refund rates for these tax years ranging from 74 percent to 87 percent annually. This includes at least 207 federal tax returns for customers for 2006 alone, with an 84 percent refund rate.

8.  Tracey Randolph is a commercial tax return preparer doing business under the name

"C & T Consultants." Randolph does business at 13968 Ashton Rd., Detroit, Michigan 48219. From 2003 to 2006, Randolph was employed by Choice as a commercial tax return preparer.

9.  Randolph, based on tax returns reporting her social security number as the paid preparer, prepared at least 414 federal tax returns for customers between January 1, 2006 and December 31, 2009, with unusually high refund rates for these tax years ranging from 89 percent to 100 percent annually. This includes at least 156 federal tax returns for customers for 2006 alone, with a 97 percent refund rate.

### Charitable Contribution Fraud

10.  Choice and Randolph often prepare tax returns for customers on which they fraudulently inflate the amount of a customer's charitable contribution deduction. Section 170 of the Internal Revenue Code governs charitable contributions. Section 170(a) provides that qualifying charitable contributions, as defined by I.R.C. § 170(c), are allowable only if verified. Choice and Randolph prepare returns for customers that report contributions in an amount that is fraudulently inflated from the actual contribution information provided to Choice and Randolph by their customers.

11.  For example, on the 2006 tax return of customers Marvin and Shonda Newson, an automotive designer and financial analyst, respectively, Choice included a bogus cash charitable contribution deduction in the amount of $8,760 and a bogus non-cash charitable deduction in the amount of $1,500 on the Schedule A attached to the return. In reality, the Newsons made $412 in cash charitable contributions, reflected in a church statement that Marvin Newson provided to Choice, and $500 in non-cash charitable contributions. Choice inflated the total amount provided by the Newsons by over 1000 percent.

12. Similarly, on the 2006 tax return of customers Charles and Ursula Jones, an engineer and a college student, respectively, Choice included a false cash charitable contribution deduction in the amount of $14,280 on the Schedule A attached to the return. Choice did not ask the Joneses if they had any charitable contributions, and the customers did not inform Choice that they made any such contributions. Choice thus fabricated the charitable deduction reported on the Joneses' tax return.

13. Choice also reported false charitable contribution deductions on the Joneses 2003, 2004, and 2005 tax returns in the amounts of $10,400, $9,400, and $8,140 ($7,890 in cash and $250 in non-cash), respectively. The Joneses did not provide Choice with these amounts, and Choice fabricated these deductions.

14. On the 2006 return of customers Ernest and Muriel Murphy, who are employed as a materials handler and a social worker, respectively, Choice included a bogus charitable deduction in the amount of $7,345, even though the Murphys informed Choice (and provided Choice with substantiating documentation) that they made charitable donations to their church in the amount of $841.

15. The tax returns that Randolph prepared contained similar false claims. For example, on the 2006 federal income tax returns of customers William and Mary Cheatham, an industrial supervisor and a nurse, respectively, Randolph falsely reported that the Cheathams made $13,525 in charitable cash contributions, despite the Cheathams not informing Randolph of this amount and not providing any documentation to Randolph showing that they made contributions in that amount. On the Cheathams' 2007 tax return, Randolph falsely reported that the Cheathams made $13,204 in charitable cash contributions, again without the Cheathams providing this amount or

4

any documentation to Randolph to support such a claim.

## Bogus Business Expenses

16. Choice also prepares returns that claim bogus business expenses to improperly reduce his customers' taxable income. For example, Choice prepared a 2005 tax return for customer Pamela Horton-Nolen, a materials handler supervisor, on which Choice claimed on the Schedule C attached to the filed return that Horton-Nolen operated an investment management business and had related business expenses in the amount of $11,579. In actuality, Horton-Nolen did not operate a business in 2005. These expenses were not provided to Choice by Horton-Nolen but were fabricated by Choice; in fact, the copy of the return that Choice presented to Horton-Nolen for her records did not even have a Schedule C attached. On Horton-Nolen's 2006 tax return, Choice again claimed on the Schedule C that Horton-Nolen operated a business and had business expenses in the amount of $9,003, when in fact Horton-Nolen did not own or operate a business, had no such deductions, and never provided Choice with any records or information to support such deductions. These bogus business expense deductions resulted in Horton-Nolen improperly receiving refunds in 2005 and 2006.

17. Choice prepared a 2004 tax return for customers Eddie and Sallie Mae Harper on which Choice reported bogus non-reimbursed business expenses for work clothes in order to improperly reduce the Harpers' taxable income. Eddie Harper informed Choice prior to the preparation of the return that Harper's work clothes were provided by Harper's employer. However, Choice reported on the Schedule A attached to the tax return that Harper had work clothes expenses in the amount of $2,656 that were not reimbursed by Harper's employer. Choice did not review the return with the Harpers after he prepared it. Similarly, on the Harpers'

2006 tax return, Choice falsely claimed on the Schedule A that Eddie Harper had $1,140 in non-reimbursed business expenses for work clothes, when in fact Harper had no such expenses and did not inform Choice that he had such expenses. Again, Choice did not review the Harpers' 2006 tax return with the Harpers after he prepared it.

 18. Randolph prepares tax returns with similar bogus business expense deductions. For example, on the Schedule C attached to the 2007 tax return of William and Mary Cheatham, Randolph improperly claimed expenses in the amount of $10,184 that were purportedly related to a nursing care business conducted by Mary Cheatham. However, Mary Cheatham had no such business in 2007 and thus had no such expenses. These expenses were fabricated by Randolph, as neither William Cheatham nor Mary Cheatham advised Randolph that Mary Cheatham operated a business or had business expenses. In fact, Mary Cheatham met with Randolph for the first and only time when the Cheathams picked up the already-prepared 2007 tax return from Randolph in a Rite Aid parking lot in 2008. Randolph did not review the return with the Cheathams.

## Other Bogus Deductions

 19. Choice's and Randolph's bogus claims on their customers' tax returns are not limited to false charitable contribution deductions and false business expenses. Choice and Randolph also prepare returns reporting inflated Schedule E rental expenses and claiming bogus dependents in order to improperly reduce their customers' taxable income.

 20. For example, Randolph prepared the 2007 tax return of her daughter-in-law's sister, Carla Wasson. Wasson has three children who live with her. Randolph advised Wasson that Wasson should allow Randolph's son, Dean Parker, and daughter-in-law, Carman Parker, to

claim one of Wasson's children as a dependent on their joint tax return. Thus, on Wasson's 2007 tax return, prepared by Randolph, Wasson only claimed two of her children as dependents; the Parkers' 2007 tax return, also prepared by Randolph, claimed one of Wasson's children as a dependent, even though Randolph knew the child was Wasson's and lived with Wasson, not the Parkers.  The effect of Randolph's bogus dependent claim on the Parkers' 2007 tax return was that the Parkers were not only able to reduce their income through the increased deduction for claiming a dependent, but further reduced their income by improperly claiming the Earned Income Credit, Child Care Credit, and Child Tax Credit.  Randolph, as the mother of Dean Parker, knew that the child that Randolph claimed as a dependent on the Parkers' 2007 tax return did not live with the Parkers.

21.  Randolph also included bogus dependents on the 2007 tax return of customer Lateefa Moore.  Randolph listed four dependents: a daughter, a son, a brother (who was actually an aunt), and a grandparent.  However, the aunt and grandmother never lived with Moore, and Moore never told Randolph that the aunt and grandmother resided with her.  In fact, Randolph prepared the 2007 Michigan tax return of Moore's grandmother, Viola Adams, at the same time that she prepared Moore's 2007 federal tax return, and the address on Adams' state return was different than Moore's address.  Randolph also knew from preparing Adams' return that Adams received social security income.  However, despite knowing that Adams did not live with Moore, received social security income, and was not a dependent of Moore, Randolph included Adams as a dependent on Moore's 2007 federal tax return.

### Causing False Statements and Documents to be Provided to the IRS

22.  Randolph has also caused or intended to cause false statements to be made to  the

IRS by her customers, and produced falsified documents for her customers to provide to the IRS to support the bogus claims that Randolph fabricated on a customer's return.

23. Randolph advised at least one customer, Vinzella Newson, to lie to the IRS during an audit of Newson's 2006 and 2007 tax returns. Randolph improperly claimed on Newson's 2007 tax return that Newson had $11,365 in charitable cash contributions, when in actuality Newson made only $5,715 in cash contributions. During the audit, Newson contacted Randolph concerning these contributions. Randolph told Newson that Randolph reported the $11,365 in cash contributions so that Newson would receive a refund rather than owe tax. Randolph then advised Newson to tell the IRS Revenue Agent conducting the audit that Newson had provided the $11,365 figure to Randolph, when in reality Randolph fabricated that amount.

24. Randolph created false documents for customer Leonard DeFoe to provide to the IRS in 2008 during an IRS examination of DeFoe's 2005 and 2006 tax returns, which Randolph prepared. DeFoe contacted Randolph to inform her that DeFoe would be meeting with the IRS regarding his 2005 and 2006 tax returns on July 29, 2008. Randolph asked DeFoe to bring Randolph copies of the tax returns for Randolph to look at prior to the meeting, which DeFoe did. Shortly thereafter, Randolph provided DeFoe with two forged letters on a church's letterhead, purportedly substantiating the bogus charitable contributions that Randolph claimed on DeFoe's 2005 and 2006 tax returns. Randolph prepared these forged documents with the intention that DeFoe would provide these letters to the IRS at the meeting to substantiate the bogus charitable contributions, which DeFoe did.

### Harm Caused by Choice and Randolph

25. Choice's and Randolph's customers have been harmed because they paid Choice

and/or Randolph fees to prepare proper tax returns, but Choice and Randolph prepared returns that substantially understated their correct tax liabilities. Many customers now face large income tax deficiencies and may be liable for sizeable penalties and interest.

26. Choice's and Randolph's conduct harms the United States because their customers are under-reporting and under-paying their correct tax liabilities.

27. In addition to the direct harm caused by preparing tax returns that understate customers' tax liabilities, Choice's and Randolph's activities undermine public confidence in the administration of the federal tax system and encourage noncompliance with the internal revenue laws.

28. Choice and Randolph further harm the United States because the Internal Revenue Service must devote its limited resources to identifying Choice's and Randolph's customers, ascertaining their correct tax liabilities, recovering any refunds erroneously issued, and collecting any additional taxes and penalties.

## Count I
## Injunction under IRC § 7407

29. The United States incorporates by reference the allegations in paragraphs 1 through 28.

30. Section 7407 of the IRC authorizes a district court to enjoin a tax return preparer from engaging in conduct subject to penalty under IRC § 6694 or engaging in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws, if the court finds that the preparer has engaged in such conduct and that injunctive relief is appropriate to prevent the recurrence of the conduct. Additionally, if the court

finds that a preparer has continually or repeatedly engaged in such conduct and that a narrower injunction (i.e., prohibiting only that specific enumerated conduct) would not be sufficient to prevent that person's interference with the proper administration of the internal revenue laws, the court may enjoin the person from further acting as a federal tax preparer.

31. Choice and Randolph have continually and repeatedly engaged in conduct subject to penalty under IRC § 6694 by preparing federal income tax returns that understate their customers' liabilities based on unrealistic, frivolous, and reckless positions.

32. Choice's and Randolph's continual and repeated violations of IRC § 6694 fall within IRC § 7407(b)(1)(A) and (D), and thus are subject to an injunction under IRC § 7407.

33. If they are not enjoined, Choice and Randolph are likely to continue to prepare and file false and fraudulent tax returns.

34. Choice's and Randolph's continual and repeated conduct subject to an injunction under IRC § 7407, including their continual and repeated misapplication of expenses and deductions, demonstrates that a narrow injunction prohibiting only specific conduct would be insufficient to prevent Choice's and Randolph's interference with the proper administration of the internal revenue laws. Thus, they should be permanently barred from acting as return preparers.

## Count II
## Injunction under IRC § 7408

35. The United States incorporates by reference the allegations in paragraphs 1 through 34.

36. Section 7408 of the IRC authorizes a district court to enjoin any person from

engaging in conduct subject to penalty under either IRC § 6700 or § 6701 if injunctive relief is appropriate to prevent recurrence of such conduct.

37. Section 6701(a) of the IRC penalizes any person who aids or assists in, procures, or advises with respect to the preparation or presentation of a federal tax return, refund claim, or other document knowing (or having reason to believe) that it will be used in connection with any material matter arising under the internal revenue laws and knowing that if it is so used it will result in an understatement of another person's tax liability.

38. Choice and Randolph prepare federal tax returns for customers that they know will understate the customers' correct tax liabilities, because Choice and Randolph knowingly prepare returns claiming improper expenses and deductions. Choice's and Randolph's conduct is thus subject to a penalty under IRC § 6701.

39. If the Court does not enjoin Choice and Randolph, they are likely to continue to engage in conduct subject to penalty under IRC § 6701. Choice's and Randolph's preparation of returns claiming improper expenses and deductions is widespread over many customers and tax years. Injunctive relief is therefore appropriate under IRC § 7408.

**Count III**
**Injunction under IRC § 7402(a)**
**Necessary to Enforce the Internal Revenue Laws**

40. The United States hereby incorporates by reference the allegations in paragraphs 1 through 39.

41. Section 7402 of the IRC authorizes a district court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.

42. Choice and Randolph, through the actions described above, have engaged in conduct

that substantially interferes with the enforcement of the internal revenue laws.

43. Unless enjoined, Choice and Randolph are likely to continue to engage in such improper conduct and interfere with the enforcement of the internal revenue laws. If Choice and Randolph are not enjoined from engaging in fraudulent and deceptive conduct, the United States will suffer irreparable injury by wrongfully providing federal income tax refunds to individuals not entitled to receive them.

44. While the United States will suffer irreparable injury if Choice and Randolph are not enjoined, Choice and Randolph will not be harmed by being compelled to obey the law.

45. Enjoining Choice and Randolph is in the public interest because an injunction, backed by the Court's contempt powers if needed, will stop Choice's and Randolph's illegal conduct and the harm it causes the United States.

46. The Court should impose injunctive relief under 26 U.S.C. § 7402(a).

WHEREFORE, the United States of America prays for the following:

A. That the Court find that Machista Choice and Tracey Randolph have continually and repeatedly engaged in conduct subject to penalty under IRC § 6694, and have continually and repeatedly engaged in other fraudulent or deceptive conduct that substantially interferes with the administration of the tax laws, and that a narrower injunction prohibiting only this specific misconduct would be insufficient;

B. That the Court, pursuant to IRC § 7407, enter a permanent injunction prohibiting Machista Choice and Tracey Randolph from acting as federal tax return preparers;

C. That the Court find that Machista Choice and Tracey Randolph have engaged in conduct subject to a penalty under IRC § 6701, and that injunctive relief under IRC § 7408 is

appropriate to prevent a recurrence of that conduct;

    D.  That the Court find that Machista Choice and Tracey Randolph have engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and IRC § 7402(a);

    E.  That the Court, pursuant to IRC §§ 7402(a), 7407, and 7408, enter a permanent injunction prohibiting Machista Choice and Tracey Randolph, and all those in active concert or participation with them, from:

    (1) acting as a federal tax return preparer, or assisting in or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person or entity other than himself, or appearing as a representative on behalf of any person or organization whose tax liabilities are under examination by the Internal Revenue Service;

    (2) understating customers' liabilities as prohibited by IRC § 6694;

    (3) engaging in any other activity subject to penalty under IRC §§ 6694, 6701, or any other penalty provision in the IRC; and

    (4) engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws and from promoting any false tax scheme.

    F.  That the Court, pursuant to IRC §§ 7402(a), 7407, and 7408, enter an order requiring Machista Choice and Tracey Randolph to contact, within fifteen days of the Court's order, by United States mail and, if an e-mail address is known, by e-mail, all persons for whom each has prepared federal tax returns or claims for a refund for tax years 2002 through 2009 to inform them of the permanent injunction entered against them;

    G.  That the Court, pursuant to IRC §§ 7402(a), 7407, and 7408, enter an order requiring

Machista Choice and Tracey Randolph to produce to counsel for the United States, within fifteen days of the Court's order, a list that identifies by name, social security number, address, e-mail address, and telephone number and tax period(s) all persons for whom each prepared federal tax returns or claims for a refund for tax years 2002 through 2009;

      H.  That the Court, pursuant to IRC §§ 7402(a), 7407, and 7408, enter an injunction requiring Machista Choice and Tracey Randolph to provide a copy of the Court's order to all of Choice's and Randolph's principals, officers, managers, employees, and independent contractors within fifteen days of the Court's order, and provide to counsel for the United States within 30 days a signed and dated acknowledgment of receipt of the Court's order for each person whom Choice and Randolph provided a copy of the Court's order;

      I.  That the Court retain jurisdiction over Machista Choice and Tracey Randolph and over this action to enforce any permanent injunction entered against them;

      J.  That the United States be entitled to conduct discovery to monitor Machista Choice's and Tracey Randolph's compliance with the terms of any permanent injunction entered against them; and

      K.  That the Court grant the United States such other and further relief, including costs, as is just and reasonable.

DATED: November 19, 2010

Respectfully submitted,

BARBARA L. MCQUADE
United States Attorney


s/ Daniel A. Applegate
DANIEL A. APPLEGATE (P70452)
Trial Attorney, Tax Division
U. S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 353-8180
Fax: (202) 514-6770
daniel.a.applegate@usdoj.gov